## No. 9845.

### THE STATE OF LOUISIANA EX REL. THE ATTORNEY GENERAL, vs. JOHN B. BUDD, SHERIFF.

A sheriff is responsible for all loss or damage resulting from the malfeasance or gross misconduct of his deputy, but such malfeasance or misconduct of the deputy does not subject the sheriff to the punishment of removal or suspension from office, unless he has encouraged or sanctioned the delinquency of his deputy.

The deputy himself can be punished for his delinquencies by fine and imprisonment, and prohibited from acting in said capacity.

APPEAL from the Nineteenth District Court, Parish of Terrebonne. *Allen*, J.

*M. J. Cunningham*, Attorney General, *W. K. Wilson*, District Attorney, and *Knobloch, Moore & Badeaux*, for the Relator and Appellant.

*L. F. Suthon* and *T. L. Winder*, for the Respondent and Appellee.

The opinion of the Court was delivered by

TODD, J. This is a proceeding on the relation of the Attorney General under section 3593 R. S., to suspend from office and punish by fine and imprisonment the defendant, sheriff of the parish of Terrebonne, for gross misconduct in the discharge of his official duties.

From a judgment in favor of the defendant discharging the rule taken against him the relator has appealed.

It is suggested in the brief of defendant's counsel that this court has no jurisdiction of the proceeding *ratione materiæ*.

On the authority of the case of the State ex rel. vs. Routon, sheriff, 34 Ann. 1256, and the cases therein cited, the appeal must be maintained.

The complaint of the relator is substantially to the effect :

That a writ of attachment was issued from the district court of Terrebonne at the suit of one Grabenheimer, against S. Simon, directing the seizure of a stock of goods of the debtor ; that owing to the delay of the officer in executing the writ a similar writ issued subsequently by another creditor of Simon, was first executed on the property, and fully exhausted it, whereby Grabenheimer's debt was lost.

The facts are briefly these :

The storehouse which contained the stock of goods, directed to be seized, was situated about eleven miles from the courthouse. The sheriff received the writ of attachment, and in the two hours afterwards was on the spot to make the seizure. He found when he reached there that he had been preceded by his deputy about 10 minutes, who had made a seizure of the property under the second writ.

It further appears that these two writs were issued almost simultaneously ; that the second writ was prepared secretly at the instance of the creditor's attorney, and was placed in the hands of a deputy sheriff, who was provided with a fast horse, and instructed by the attorney to proceed and execute the writ as speedily as possible. This writ was not carried to the office where the sheriff was present when it issued, but it was privately handed to the deputy sheriff with the instructions stated.

It is further shown that the deputy never informed the sheriff that he had the writ, or of the instructions given him concerning its execution, but the sheriff was entirely ignorant of the matter until his arrival at the storehouse, where he found the deputy, and ascertained the fact of the prior seizure made by him, and upbraided him for his conduct.

It is clear that there was no collusion between the sheriff and his deputy. If there was a wrong committed against Grabenheimer, it was by no personal act or delinquency of the sheriff; and the question arises that, granting a wrong was done by the deputy sheriff, did such misconduct or delinquency on the part of the deputy subject the sheriff himself to removal or suspension from office or other penalty.

The district judge held that it did not, and we believe he was right.

The Code of Practice provides that the sheriff may appoint deputies, and that he is responsible for them ; but that the deputies shall be subject to fine and imprisonment for delinquency of duty as provided by special laws. C. P. 764.

Section 3593 R. S., after providing for the punishment of the sheriff and others for delinquencies in the execution of orders and writs, proceeds, quoting : "If it be a deputy of any such officers, then the deputy shall be subject to the fine and imprisonment or either, above fixed, and shall be absolutely prohibited from acting in the capacity of deputy thereafter."

Our conclusion, from a careful consideration of these several provisions of the Code and the Statutes is, that whilst the sheriff is responsible civilly for all loss and damage that may be caused by the misconduct or delinquency of the deputy, such misconduct or delinquency of the deputy, unless encouraged or sanctioned by the sheriff, cannot subject him to the penalty of removal or suspension from office. The infliction of such punishment can only be incurred by his own personal official acts and delinquencies.

Judgment affirmed.

Poché, J., takes no part in this opinion and decree.